UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cr-80022-Dimitrouleas/Matthewman

UNITED STATES OF AMERICA

v.

ALBERTO OMAR,
a/k/a "Omar Alberto,"

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The Government hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

    A.    1.    The following files were provided in discovery via email, some of which contain the substance of oral statements made by the Defendant, which the Government intends to introduce at trial:

1-Citizen of Honduras

2-Felony conv. 10-21-2008

3-Felony conv. 10-21-2008

4-Felony conv. 10-21-2008

5-Felony conv. 10-21-2008

6-Rec.of. Dep. Alien 1-14-2009

7-Ordered Removed 5-27-2009

8-Removed 5-7-2012

9-PBC arrest 1-11-2026

10-Fingerprint Report

11-No permission

12-NCIC

    2.     No defendant testified before the Grand Jury.

    3.     All files provided in discovery, contain the defendant's prior criminal record.

    4.     A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest in this case with the fingerprints provided by the defendant from prior removal proceedings is provided in discovery.

B.     DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

    You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E.

        404(b) or otherwise (including the inextricably-intertwined doctrine).

        In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     No contraband is involved in this indictment.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is aware of fingerprints or palm prints which have been identified by a government expert as those of the defendant.

Pursuant to Rule 16(a)(1)(G) and (b)(1)(C), the Government discloses the expert witnesses it plans to call at trial and demands reciprocal discovery of any experts the defense plans to call at trial:

The government intends to call the following witnesses as experts at trial:

1. Danielle Merritt, HSI

N.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

    The government is aware of its continuing duty to disclose newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

        Respectfully submitted,

        JASON A. REDING QUIÑONES

                                                   UNITED STATES ATTORNEY

                    By:   *s/ Justin Chapman*
                           Justin Chapman
                           Assistant United States Attorney
                           FL Bar No. 85778
                           Justin.chapman4@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2026, I filed the foregoing document with the Clerk of the Court using CM/ECF and sent a copy of the document and its attachments via email to **Lori Barrist**, attorney for Defendant.

                                                  *s/ Justin Chapman*
                                                  Justin Chapman
                                                  Assistant United States Attorney